IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN SMITH,** | : | Civil No. 3:21-cv-1129 |
| Petitioner | : | |
| | : | (Judge Sylvia H. Rambo) |
| v. | : | |
| | : | |
| **ADAM OGLE, Warden of York County Prison, et al.,** | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner John Smith filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Smith argues that the length of his mandatory pre-removal detention under 8 U.S.C. § 1226(c) has become unreasonable and that due process entitles him to an individualized bond hearing before an immigration judge. Before the court are Smith's habeas petition; the report of Magistrate Judge Karoline Mehalchick recommending that the court grant Smith's petition; and Respondent Ogle's objections to the report. For the reasons that follow, the court will overrule the objections, adopt Judge Mehalchick's report and recommendation, and order that Smith receive an individualized bond hearing within 30 days.

I.      **Factual Background and Procedural History**[1]

Smith is a native and citizen of Guatemala. (Doc. 1, ¶ 9; Doc. 1-1, at 3.) Smith entered the United States on an unknown date and at an unknown time or location without being inspected, admitted, or paroled. (Doc. 4-1, at 2.) On July 11, 2006, an immigration judge in Baltimore, Maryland terminated previously-initiated removal proceedings and granted Smith's application for adjustment of status, effectively admitting him as a Lawful Permanent Resident. (Doc. 1, ¶ 10; Doc. 4-1, at 3.)

On February 16, 2018, Smith was convicted in the United States District Court for the Eastern District of Pennsylvania for violating 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), Conspiracy to Distribute 100 Grams or more of Heroin. (Doc. 1-1, at 3). Smith was sentenced to 21 months imprisonment. (Doc. 1, ¶ 11.)

Smith has been in ICE custody since April 20, 2019. (Doc. 1-1, at 2.) That day, Smith was served with a Notice to Appear charging him as being removable pursuant to INA § 237(a)(2)(A)(iii), as an alien convicted of an aggravated felony, and INA § 237(a)(2)(B)(i), as an alien convicted of a violation of any law or regulation of a state, the United States, or a foreign country relating to a controlled substance. (Doc. 1-1, at 3-5.) After a continuance to obtain counsel,

---

[1] Neither party objects to Judge Mehalchick's statement of relevant facts, which accurately summarizes the pertinent background of this case. Accordingly, in the interest of judicial economy, the court adopts Judge Mehalchick's summary as its own.

Smith appeared before the immigration court on May 16, 2019, where he denied the charges of removability, and the case was continued until June 4, 2019, to allow the parties to exchange evidence. (Doc. 1-4, at 1-8.) On June 4, 2019, the immigration judge sustained all charges of removability, designated the country of removal as Guatemala, and allowed Smith until June 26, 2019, to apply for relief from removal. (Doc. 1-4, at 9-19.) On June 26, 2019, Smith submitted his application for relief from removal and the immigration judge set a hearing on the merits of that application for August 29, 2019. (Doc. 1-4, at 20-26.) The immigration judge held an extensive hearing on the merits of Smith's application for relief from removal on August 29, 2019 and October 30, 2019. (Doc. 1-4, at 21-66; Doc. 1-5; Doc. 1-6.)

On December 4, 2019, the immigration judge denied all of Smith's applications for relief from removal and ordered him removed to Guatemala. (Doc. 1-7.) Smith appealed this decision to the Board of Immigration Appeals ("BIA"), which, on April 10, 2020, dismissed the appeal for Smith's failure to file a brief outlining the factual and legal reasonings for the contention that the immigration judge erred in the decision. (Doc. 1, ¶ 20; Doc. 1-8.) On April 16, 2020, Smith moved to reopen his case before the BIA due to the reasoning underlying his failure to file a brief together with a motion to accept a late-filed brief. (Doc. 1-9; Doc. 1-10.) On April 17, 2020, the BIA granted Smith a stay of removal pending

adjudication of his motion to reopen. (Doc. 4-1, at 7.) On May 11, 2020, Smith filed a petition for review with the Third Circuit. (Doc. 1-8); *see Smith v. Att'y*, No. 20-CV-1994 (3d Cir. May 11, 2020), ECF No. 1. On August 17, 2020, the Third Circuit granted Smith's motion to hold the briefing schedule in abeyance pending a decision by the BIA on Smith's motion to reopen. *Smith*, No. 20-CV-1994 (3d Cir. Aug. 17, 2020), ECF No. 13. On August 27, 2021, DHS filed a motion to expedite a decision on Smith's motion to reopen. (Doc. 4-1, at 8-9.)

On October 22, 2020, six months after the BIA's denial of his appeal, the immigration court denied Smith's request for custody redetermination after conducting an independent review before a judge in accordance with *Guerrero-Sanchez v. Warden of York County Prison*, 905 F.3d 208 (3d Cir. 2018). (Doc. 4-1, at 11.) Considering the totality of the circumstances, the immigration judge found that DHS had met its burden of showing by clear and convincing evidence that Smith is a danger to the community. (Doc. 4-1, at 11-14.) Smith appealed this decision to the BIA and on April 27, 2021, the BIA affirmed the immigration judge's denial. (Doc. 4-1, at 16-17.)

Prior to the BIA's decision on Smith's October 22, 2020, bond denial, Smith had a bond redetermination review pursuant to *Fraihat v. U.S. Immigr. & Customs Enf't.*, 445 F. Supp. 3d 709 (C.D. Cal. 2020), claiming that he is a person identified "as having one of more of the Risk Factors identified . . . as placing

[Smith] 'at heightened risk of severe illness and death upon contracting the COVID-19 virus.'" (Doc. 4-1, at 18-20.) The review determined that despite Smith's existing medical conditions of hypertension, lipoprotein, and diabetes, he should remain detained as a threat to public safety. (Doc. 4-1, at 20.) On January 27, 2021, pursuant to a request from Smith for an immigration judge review of this denial, the immigration judge denied Smith's appeal, finding that the court lacked jurisdiction to conduct a bond hearing because "[Smith]'s removal order is administratively final. As such, he is not eligible for a bond under INA 236(a). Even if the respondent's removal order was not administratively final, this court lacks authorization to conduct a bond hearing under INA 236(c) as [Smith]'s criminal conviction subjects him to mandatory custody." (Doc. 4-1, at 22.) In addition, the immigration judge determined that although Smith was entitled to a post-removal bond review pursuant to *Guerrero-Sanchez*, he had already received that independent review on October 22, 2022, been denied, and, at that time, had an appeal of that decision pending. (Doc. 4-1, at 22.) On February 8, 2021, Smith appealed this decision to the BIA. (Doc. 4-1, at 25.) On July 12, 2021, the BIA denied Smith's request to extend the briefing schedule where the due date of the initial brief was April 21, 2021, and the request for extension was not received until July 9, 2021. (Doc. 4-1, at 26.)

5

On July 20, 2021, the immigration judge denied Smith's latest request for custody redetermination, explaining:

> Previously on November 18, 2020, the Court found that DHS had met its burden of demonstrating by clear and convincing evidence that [Smith] constitutes a danger and a significant flight risk. [Smith] has submitted a request for a new bond hearing but he has failed to demonstrate a material change in circumstances under 8 CFR 1003.19(e). [Smith] merely cites to the fact that the York Immigration Court is closing but that does not alter[ ] the Court[']s findings regarding danger and flight risk. If [Smith] can no longer be detained at the York County Prison, ICE will transfer him to another facility.

(Doc. 4-1, at 32.)

In Smith's instant petition before the court, he raises three claims for relief: (1) violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, for "unreasonably prolonged mandatory detention;" (2) violation of Fifth Amendment procedural due process for "detention without a constitutionally adequate bond hearing at which the government bears the burden of justifying the detention;" and (3) violation of Fifth Amendment substantive due process and the INA for "unnecessary detention." (Doc. 1, at 9-17.) As relief, Smith requests that the court conduct a bond hearing, award fees and costs consistent with the Equal Access to Justice Act, and order any further relief the Court deems just and proper. (Doc. 1, at 17-18.) The petition has been fully briefed, and Judge Mehalchick issued a report recommending that the court grant Smith's petition and order an

individualized bond hearing to occur within 30 days. Respondent Adam Ogle, Warden of York County Prison, objects to Judge Mehalchick's recommendation.

## II. Legal Standard

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. *See E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* FED. R. CIV. P. 72(b)(3). The court affords "reasoned consideration" to any uncontested portions of the report before adopting them as the decision of the court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

## III. Discussion

Smith has been detained in ICE custody since April 20, 2019, pursuant to 8 U.S.C. § 1226(c). That statute requires the government to detain aliens convicted of certain crimes during removal proceedings. 8 U.S.C. § 1226(c). Although some immigration detention provisions authorize release on secured bond or conditional parole while removal proceedings are pending, Section 1226(c) does not. *See Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 207 (3d Cir. 2020) (comparing 8 U.S.C. § 1226(c)(2) with 8 U.S.C. § 1226(a)(2)). Smith contends that his prolonged pre-removal detention under Section 1226(c) has become

unreasonable and violates the Due Process Clause of the United States Constitution. (*See* Doc. 1.)

In her thorough report, Judge Mehalchick canvasses the law concerning Section 1226(c) detention, and applies the Third Circuit's "nonexhaustive" list of factors for a court to consider in determining whether a petitioner's detention "has grown unreasonable." *Santos*, 965 F.3d at 210-11. As discussed in the report, under *Santos*, courts conducting an as-applied due-process analysis must consider the duration of detention ("[t]he most important factor") as well as the likelihood that the detention will continue, the reasons for the delay, and whether the petitioner's conditions of confinement "are 'meaningfully different[ ]' from criminal punishment." *Id.* at 211 (second alteration in original).

Given the length of time Smith has been detained and the likelihood he will experience an additional undefined period of detention during the pendency of his appeal, and considering the circumstances of Smith's incarceration, his medical conditions, and his blamelessness in causing the delay, Judge Mehalchick concludes that "due process demands that Smith be given a bond hearing before an immigration judge under the standards set forth in *Santos*." (Doc. 8 at 14-15.)[2]

---

[2] A review of the Third Circuit's docket indicates that Smith's appeal is still pending. *See Smith*, No. 20-CV-1994.

Respondent does not object to Judge Mehalchick's recommendation that Smith should be afforded a bond hearing before an immigration judge. However, he objects to the recommendation that the bond hearing be held in accordance with *Santos*, *i.e.,* that the government bear the burden of proving by clear and convincing evidence that Smith's further detention is justified. (*See generally* Doc. 10.) Respondent claims that such a conclusion is contrary to Supreme Court caselaw, which has consistently "placed the burden of proof on the *noncitizen*, not the government, to justify release." (*Id.* at 4 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (emphasis added)).) Respondent also contends that Smith has previously had a bond hearing with the government bearing the burden of proof by clear and convincing evidence, and that the immigration judge found that Smith posed a danger to the community, and further, that following his bond denial, Smith's detention was reviewed two more times.

The court agrees in full with Judge Mehalchick's cogent analysis and will overrule Respondent's objection. The overwhelming majority of federal courts, including the Third Circuit in *Santos*, have held that the Government must justify the continued confinement of an alien under Section 1226(c) by clear and convincing evidence. *Pedro O. v. Garland*, 543 F.Supp.3d 733, 742 (D. Minn. 2021). Although due process tolerates the detention of aliens who do not pose a risk of flight or danger to the community for a reasonable period of time in order to

9

facilitate the government's legitimate interest in removal proceedings, at some point, the detention becomes so prolonged as to be unreasonable. *See Pedro O. v. Garland*, 543 F. Supp. 3d 733, 742 (D. Minn. 2021). Once the duration of detention becomes unreasonable, "it may not continue unless the Government shows that it is necessary. And at that point, it is no longer appropriate to allocate the risk of error evenly between the parties." *Id.* at 742-43 (citing *Santos*, 965 F.3d at 213-14).

As Judge Mehalchick appropriately concluded after addressing the four *Santos* factors, Smith's detention has grown unreasonable and, therefore, he is entitled to a bond hearing where the government must justify his ongoing detention. To do so, the government must show by clear and convincing evidence that Smith poses a flight risk or a danger to the community. This burden is not relinquished because Smith has previously received a bond hearing at which the government established by clear and convincing evidence that his continued detention is necessary. More than two-and-a-half years have passed since that bond hearing, and Smith's good faith challenges to his removal should not be held against him by placing the burden on him to prove that he should be granted release. *See* Santos, 965 F.3d at 211; *Pedro O.*, 543 F. Supp. at 743 ("The Government and the immigration courts are familiar with the clear-and-convincing evidence standard. And the Government already has easy access to information

that is likely to bear on the question whether [the detainee] poses a risk of flight or danger to the community—most notably, his criminal and mental-health history and information concerning his behavior and conduct during detention. By contrast, assigning the burden to [the detainee] would put him in the difficult position of proving negatives.").

## IV. Conclusion

For all these reasons, the court will overrule Respondent's objection and adopt Judge Mehalchick's report and recommendation. An appropriate order shall issue.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge
Middle District of Pennsylvania

Dated:  May 10, 2023